**Affirmed and Opinion Filed October 31, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00796-CV**

**IN RE THE COMMITMENT OF GALE EDWARD MYLES**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV21-70006**

# MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

This appeal arises out of a civil commitment proceeding finding Gale Edward Myles is a sexually violent predator. An SVP is defined as a "repeat sexually violent offender" who "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE § 841.003(a). In a single issue, Myles argues the Texas Supreme Court's opinions in *In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012) and *In re Commitment of Stoddard*, 619 S.W.3d 665 (Tex. 2020), compel the conclusion that when, as here, the State conclusively establishes the "repeat sexually violent offender" element of its case as a matter of law, the State is entitled to a directed verdict on that element and on the "behavioral abnormality" element of its case. Accordingly, he argues,

there can be no meritorious issues that can be raised on appeal that would result in reversible error when personal and subject-matter jurisdiction are also established. Myles prays for general relief, and he "more explicitly requests that this Court hand down an opinion deciding that this appeal cannot present reversible error based on the Texas Supreme Court's decision in *Stoddard* that Chapter 841's 'behavioral abnormality' issue requires the State to prove only a 'likelihood' of sexually reoffending."

This Court recently considered Myles's issue and rejected it. *See In re Commitment of Green*, No. 05-23-00472-CV, 2024 WL 1853378, at \*2–3 (Tex. App.—Dallas Apr. 29, 2024, pet. denied) (mem. op.). We apply the legal principles articulated in *Green* today.

Myles's brief does not argue there is any reversible error, *see* TEX. R. APP. P. 44.1(a), and instead he requests we hand down an opinion deciding the appeal cannot present reversible error. Myles appears to seek an advisory opinion from this Court, which we may not provide. *See Green*, 2024 WL 1853378, at \*2. "Under the separation-of-powers doctrine, courts are prohibited from issuing advisory opinions, because doing so invades the function of the executive rather than judicial department." *Id.* (quoting *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021)).

Although Myles does not explicitly assert any violation of his legal rights, his arguments could be construed to allege that that the supreme court's *Bohannan* and

*Stoddard* opinions have the effect of eliminating one of the two statutory elements in violation of his right to due process. *Id.* at *3 (citing *In re Commitment of Tryon*, 654 S.W.3d 29, 37 (Tex. App.—Eastland 2022, pet. denied)). "The United States Supreme Court has held that civil commitment statutes, like the Act, do not violate a person's due process rights under the United States Constitution if the challenged statute requires proof of at least two elements: 'proof of dangerousness' and 'proof of some additional factor such as a "mental illness" or "mental abnormality."'" *Id.* (quoting *Commitment of Tryon*, 654 S.W.3d at 37) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997)). However, "[e]ven constitutional claims such as due process can be waived if not raised in the trial court," and Myles did not make any constitutional complaint in the trial court. *Id.* (quoting *Woodrum v. Wal-Mart Stores Tex., LLC*, No. 05-22-00561-CV, 2023 WL 3493318, at *3 (Tex. App.—Dallas May 17, 2023, no pet.) (mem. op.)). Therefore, even construing his issue to allege a violation of his constitutional right to due process, we conclude Myles failed to preserve the issue for our review. *See id.*

We overrule Myles's sole issue and affirm the trial court's February 7, 2023 Final Judgment.

230796f.p05

/Erin A. Nowell//
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN RE THE COMMITMENT OF
GALE EDWARD MYLES

No. 05-23-00796-CV

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. CV21-70006.
Opinion delivered by Justice Nowell.
Justices Reichek and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of October, 2024.